**CHEVRON USA INC., Plaintiff—Appellant,**

v.

**PHILLIPS PETROLEUM COMPANY, Defendant—Appellee.**

No. 02–35369.

D.C. No. CV–00–00352–JWS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 2003.

Decided Aug. 25, 2003.

Stephen M. Ellis, Delaney, Wiles, Hayes, Reitman & Brubaker, Inc., Anchorage, AK, Robert E. Meadows, King & Spalding, Houston, TX, for Plaintiff–Appellant.

Douglas J. Serdahely, Patton Boggs LLP, Anchorage, AK, Lee L. Kaplan, Smyser, Kaplan & Veselka, LLP, Houston, TX, for Defendant–Appellee.

Before PREGERSON, CANBY, and McKEOWN, Circuit Judges.

## MEMORANDUM *

The district court provided a careful and extensive analysis of Chevron USA Inc.'s claims with respect to the Area of Mutual Interest Agreement ("the AMI"). We agree with the district court's analysis and its grant of summary judgment in favor of Phillips Petroleum Company.

█ We conclude that Phillips did not breach the AMI with respect to the notice requirement. The language of Section 4 of the AMI does not encompass Phillip's acquisition of ARCO Alaska's stock because acquiring the stock in a corporation is not equivalent to acquiring the assets of the corporation, in this case the oil and gas leases and related interests set out in the AMI. *See U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 935 (9th Cir. 2002) ("[T]he transfer of stock is not the same thing as a transfer of the assets of that corporation."). Phillips and Phillips Alaska are separate corporate entities and the district court appropriately declined to pierce the corporate veil. Nor does evaluation of the extrinsic evidence, when viewed in a light most favorable to Chevron, alter our conclusion. *See Day v. A&G Construction Co., Inc.*, 528 P.2d 440, 444 (Alaska 1974) (requiring courts to apply a "reasonable expectation standard" to determine the meaning of contractual terms.) No material issue of fact exists with respect to the contract claim and the district court did not err in granting summary judgment for Phillips.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Chevron has not offered evidence sufficient to raise a triable issue of fact with respect to its claim that Phillips breached the covenant of good faith and fair dealing or that Phillips violated any fiduciary duties owed to Chevron. Although Chevron asserts that Phillips should have structured its acquisition of ARCO Alaska to allow Chevron to exercise its rights under the AMI agreement, the FTC, not Phillips, dictated the structure of Phillips acquisition and the FTC restricted ARCO's ability to dispose of its assets on a piecemeal basis. Finally, Chevron's purported partnership/fiduciary duty claim fails because of the express language of the Joint Bidding Agreement.

**AFFIRMED.**